FILED _____ ENTERED
LODGED _____ RECEIVED

DEC 09 2005   LK

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
                              DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABEL SANDOVAL-JIMENEZ,           )
                                 )
        Plaintiff,               )   NO. C05-2051
                                 )
    vs.                          )   COMPLAINT FOR DAMAGES
                                 )
KING COUNTY, a municipal         )
corporation; KING COUNTY         )
SHERIFF'S DEPARTMENT; JOHN DOE   )
#1 and CITY OF SEATTLE, a        )
municipal corporation, Seattle   )
Police Department, and           )
JOE DOE #2,                      )   05-CV-02051-CMP
                                 )
        Defendants.              )
_____)

## I. JURISDICTION AND VENUE

1.1   Jurisdiction is proper in the federal courts as it is alleged that the federal civil rights of the plaintiff were violated, as is more fully set forth herein.

COMPLAINT FOR DAMAGES - 1

ORIGINAL

Salazar Law Offices
810 Third Avenue, Suite 308
Seattle, Washington 98104
206-624-6414

1.2 Venue is proper in the Western District of Washington as all events alleged herein occurred in Seattle, King County, Washington.

## II. PARTIES

2.1 The plaintiff is a Latino male who at all times material hereto resided in King County, Washington.

2.2 Defendant King County is a municipal organization organized under the laws of the State of Washington and is located in the Western District of Washington.

2.3 Defendant John Doe #1, whose name is unknown, at all times material hereto was employed as a law enforcement officer by defendant King County, Washington. Once his name is known, this Complaint will be amended to reflect his true name.

2.4 Defendant City of Seattle is a municipal corporation organized under the laws of the State of Washington and is located within the Western District of Washington.

2.5 Defendant John Doe #2, whose name is unknown, at all times material hereto, was employed as a law enforcement officer by defendant City of Seattle. Once his name is known, the Complaint will be amended to reflect his true name.

## III. STATUTORY PREREQUISITES

3.1   The plaintiff properly and timely filed tort claims with the defendant City of Seattle and defendant King County, which rejected said claims of the plaintiff.

### IV. GENERAL ALLEGATIONS AS TO ALL CAUSES OF ACTION

4.1   On or about January 13, 2004, the plaintiff was employed. It was his practice, after work, to jog home from work, as this was his preferred form of exercise.

4.2   As the plaintiff was jogging home, after work, an unmarked car pulled up next to him and two men, dressed in plain clothes, jumped out and assaulted him, causing him physical and psychological injuries.

4.3   At no time prior to the assault, or during the assault, did either of the two men identify themselves as law enforcement officers.

4.4   At no time prior to the assault did either of the two men ask the plaintiff his name, what he was doing, or what he had been doing. No investigation was conducted of the plaintiff prior to his being assaulted by the two men.

4.5   One of the men was Joe Doe #1, who was a law enforcement officer employed by defendant King County, who was then on duty as a plain clothes law enforcement officer.

4.6   One of the men was Joe Doe #2, who was a law enforcement officer employed by defendant City of Seattle,

COMPLAINT FOR DAMAGES - 3

Salazar Law Offices
810 Third Avenue, Suite 308
Seattle, Washington 98104
206-624-6414

who ws the on duty as a plain clothes law enforcement officer.

4.7 During and after the assault, the plaintiff repeatedly requested to know what was going on.

4.8 Prior to the assault on the plaintiff, neither Joe Doe #1 or Joe Doe #2 identified themselves to the plaintiff as police officers.

4.9 Prior to the assault, the defendant had not done anything whatsoever that justified his detention or arrest.

4.10 It should have been readily apparent to the officers, defendants Joe Doe #1 and Joe Doe #2, that they had mistaken the defendant for someone else that they were investigating. Nevertheless, despite the lack of probable cause, after the assault on the plaintiff, they handcuffed him and arrested him, with the assistance of two other identified officers that arrived in a second vehicle.

4.11 The plaintiff was taken to a nearby precinct where he was placed in a holding cell. He did not receive any medical treatment for injuries sustained during the assault by the individual defendants herein.

4.12 After a period of time, the plaintiff was asked if he had any cocaine or marijuana on him and where he lived. This same officer, who is believed to be defendant Joe Doe #2, told the plaintiff not to tell anyone about what had happened. The plaintiff was then released and driven home.

4.13 Once the plaintiff was home, he was immediately taken by his landlord to a local hospital to get medical

COMPLAINT FOR DAMAGES - 4

Salazar Law Offices
810 Third Avenue, Suite 308
Seattle, Washington 98104
206-624-6414

care for his injuries. While the plaintiff was at the hospital, he was visited by other officers of the defendant City of Seattle.

4.14 Since this incident occurred, the plaintiff attempted, without avail, to obtain the names of the individual police officer defendant but was only able to determine that one was employed by the defendant City of Seattle and one was employed by defendant King County.

4.15 The municipal defendants have refused to provide the plaintiff with any information other than to deny his administrative claims for damages.

4.16 Defendant King County is responsible for the actions of its employees, as set forth herein, under the doctrine of respondeat superior.

4.17 Defendant City of Seattle is responsible for the actions of its employees, as set forth herein, under the doctrine of respondeat superior.

4.18 All actions of the individual defendants were taken during the course of their employment as law enforcement officer, and were taken within the scope of their assigned duties.

V. CLAIMS FOR RELIEF

5.1 Each of the above allegations is incorporated herein by reference.

5.2 The defendants acted under the color of law, including under the color of federal and state law, custom or usage when taking the actions complained of herein.

COMPLAINT FOR DAMAGES - 5

Salazar Law Offices
810 Third Avenue, Suite 308
Seattle, Washington 98104
206-624-6414

5.2   Pursuant to 42 U.S.C. Section 1983, plaintiff has been deprived of federal rights by the defendants, including the fourth amendment right to be free from unreasonable seizures and the due process clause as set forth in the fifth amendment of the United States, as well as the 14th amendment.

5.3   The acts complained herein constitute the tort of assault.

5.4   The acts complained of herein constitute the tort of unlawful imprisonment.

5.5   The acts complained of herein constitute false arrest.

5.6   The acts complained of herein constitute the torts of negligent and intentional infliction of emotional distress.

5.7   The acts complained of constitute negligent supervision and training as to the municipal defendants.

## VI. DAMAGES

6.1   As a direct and proximate result of the wrongful acts of the defendants, as alleged herein, the plaintiff has sustained special and general damages in the form of medical expenses, lost wages, physical and emotional pain and suffering, and a lessened enjoyment of life, all in an amount to be proven at trial.

6.2   Under 42 U.S.C. Section 1983, the plaintiff is entitled to attorneys fees and costs, in an amount to be proven at trial, as well as punitive damages.

COMPLAINT FOR DAMAGES - 6

Salazar Law Offices
810 Third Avenue, Suite 308
Seattle, Washington 98104
206-624-6414

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff requests that the court grant the following relief, jointly and severally:

A. For judgment in such amount as shall be proven at trial.

B. For punitive damages.

C. For attorney's fees and costs.

D. That it grant such other relief which is just and equitable.

Dated this 9TH day of December, 2005.

_____
ANTONIO SALAZAR, WSBA#6273
SALAZAR LAW OFFICE
ATTORNEYS FOR PLAINTIFF

810 THIRD AVENUE, SUITE 308
SEATTLE, WASHINGTON 98104
(206) 624-6414

COMPLAINT FOR DAMAGES - 7